UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELMA M. FOSTER, by and through her personal representative JAMES FOSTER, and JAMES FOSTER,

     Plaintiffs,

  v.

NATIONAL RAILROAD PASSENGER CORPORATION, and DOES ONE through TWENTY, Inclusive,

     Defendants.

No. 2:07-cv-01493-MCE-KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Plaintiffs Elma Foster ("Elma") and James Foster ("James") bring this action, alleging negligence and loss of consortium, against National Railroad Passenger Corporation ("Defendant") under diversity jurisdiction. Defendant now moves to dismiss the case pursuant to Federal Rule of Civil Procedure 25(a)[1] on grounds that both Plaintiffs are now deceased and substitution of a proper party did not occur within the requisite time frame. For the reasons enumerated below Defendant's Motion is denied.

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

1

**BACKGROUND**

On June 4, 2004, Elma slipped and fell while disembarking from an Amtrak train that was owned and operated by Defendant. As a result of the fall, Elma suffered a broken hip. Approximately one year later, on March 27, 2005, Elma passed away from causes unrelated to the fall.

On June 5, 2006, Plaintiffs filed a personal injury complaint stemming from Elma's fall in state court. Defendant subsequently removed the action to federal court and began the process of discovery. In March 2008, after failed attempts to contact Elma's husband James, Plaintiff's counsel discovered that he passed away on October 23, 2005. Plaintiff's counsel informed Defendant of the situation, and on March 10, 2008, served the requisite Statement of Fact of Death. During the following ninety days, Plaintiff's counsel failed to file a Motion for Substitution as required under Rule 25(a) and on June 12, 2008 Defendant filed its current Motion to Dismiss.

**STANDARD**

Under Rule 25(a)(1), if a plaintiff or defendant dies during the course of a lawsuit, the court may allow the action to be continued by or against the party's representative or successor in interest. A party to the action or the deceased party's successors may file a statement of fact of death of the deceased party upon which a motion to substitute may be made within ninety days. Fed. R. Civ. P. 25(a)(1).

The statement of fact of death must be served on the other parties and on the deceased's successors or representatives in the same manner required for service of the motion to substitute. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Fed. R. Civ. P. 25(a)(1).  If a motion for substitution is not made within ninety days the case must be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1). However, under Rule 6(b), the court may extend the time due to excusable neglect.  See Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (leave to file late motions to substitute should be "liberally granted" under Rule 6(b)).

**ANALYSIS**

Defendant seeks to dismiss this action on the grounds that Plaintiff has died and no representative was substituted before the 90-day limit expired.  Defendant filed a Statement of Fact of Death with the Court and served it on Melinda Hayworth, Plaintiffs' daughter and successor-in-interest, on March 9, 2008. The 90-day period began the following day and expired on June 9, 2008.

In deciding Defendant's Motion to Dismiss, the Court will first consider the viability of the request by Plaintiffs' counsel ("Counsel") to substitute a party after the 90-day deadline.  In doing so the Court must consider whether there was excusable neglect under Rule 6(b). Continental Bank, N.A., 10 F.3d at 1297.

///

3

1  As for excusable neglect, the Court "must consider four factors:
2  '(1) the danger of prejudice to the opposing party; (2) the
3  length of the delay and its potential impact on the proceedings;
4  (3) the reason for the delay; and (4) whether the movant acted in
5  good faith.'" In re Veritas Software Corp., 496 F.3d 962, 973
6  (9th Cir. 2007) (quoting Bateman v. U.S. Postal Serv., 231 F.3d
7  1220, 1223-24 (9th Cir. 2000).  Ultimately, the decision is left
8  to the discretion of the district court.  Id.

9      In the instant case, Defendant does not offer, nor does this
10 court find, a compelling reason as to how the two-month delay
11 prejudiced or negatively impacted the proceedings.  Additionally,
12 the Court finds that Plaintiffs' counsel's delay was not in bad
13 faith, and his mistake in not filing within the 90-day period was
14 excusable.  Because of the excusable nature of counsel's neglect,
15 the Court may grant an extension of time under Rule 6(b).
16 Considering that this leave should be liberally granted,
17 Defendant's Motion to Dismiss pursuant to Rule 25(a) will be
18 denied.  Additionally, in the interest of judicial economy, the
19 Court grants leave to amend the Complaint to substitute a proper
20 party as Plaintiff in this matter.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss Plaintiffs' Complaint is DENIED.[2]  Plaintiffs are directed to file an Amended Complaint, should they choose to do so, not later than twenty (20) days following the date of this order.

IT IS SO ORDERED.

Dated: August 18, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

5